IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02948-GPG

JEFFREY T. MAEHR,

    Plaintiff,

v.

U.S. STATE DEPARTMENT (U.S.), and
U.S. CONGRESS (U.S.),

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Jeffrey T. Maehr, initiated this action by filing *pro se* a pleading titled "D. Statement of Claims – U.S. District Court, Colorado" (ECF No. 1).[1]  On November 23, 2018, Mr. Maehr filed an amended complaint (ECF No. 6) using the proper form.  Mr. Maehr asserts a due process claim challenging the potential revocation of his United States passport as a result of his failure to pay a seriously delinquent tax debt.  On December 17, 2018, Mr. Maehr filed a Notice of State Department Revocation of Passport (ECF No. 8) alleging that his passport has been revoked and asking to amend his request for relief.  That request will be denied.  If Mr. Maehr wants to amend his claims or the relief he seeks, he must file a motion to amend and submit the entire and complete amended pleading he seeks to file.  In addition, because Mr. Maehr will be directed to file a second amended complaint for the reasons stated in this order, he may

---

[1] "(ECF No. 1)" is an example of the convention the court uses to identify the docket number assigned to a specific paper by the court's case management and electronic filing system (CM/ECF).  The court uses this convention throughout this order.

include the new allegations and request for relief in that pleading.

The court must construe the amended complaint liberally because Mr. Maehr is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Maehr will be ordered to file a second amended complaint if he wishes to pursue a claim in this action.

Mr. Maehr failed to pay his federal income taxes for several years and still owes the Internal Revenue Service ("IRS") the amount of his unpaid liabilities for those years. *See Maehr v. United States*, 137 Fed. Cl. 805 (2018); *see also Maehr v. C.I.R.*, 641 F. App'x 813 (10th Cir. 2016). In July 2018 the IRS certified to the Secretary of State that Mr. Maehr owes a seriously delinquent federal tax debt pursuant to 26 U.S.C. § 7345(a) and Mr. Maehr was provided notice of the certification. (*See* ECF No. 6 at 11-12.) Section 7345(e) allows Mr. Maehr to seek judicial review of the certification and he is doing so in a separate action. *See Maehr v. United States*, No. 18-cv-02273-PAB-NRN (D. Colo. filed Sept. 4, 2018).

Mr. Maehr claims in the amended complaint that the threatened revocation of his passport violates due process. Construing the amended complaint liberally, Mr. Maehr apparently asserts the due process claim against the State Department. It is not clear what claim, if any, he is asserting against the Defendant identified as "U.S. Congress." In any event, Congress is absolutely immune from claims stemming from "purely legislative activities," *see United States v. Brewster*, 408 U.S. 501, 512 (1972), and federal courts lack jurisdiction to direct Congress "to enact or amend legislation,"

*Newdow v. Congress*, 328 F.3d 466, 484 (9th Cir. 2003), *rev'd on other grounds*, 542 U.S. 1 (2004).

Mr. Maehr will be directed to file an amended complaint that identifies the specific claim or claims he is asserting, the specific facts that support each asserted claim, and what Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  In order to state a cognizable due process claim Mr. Maehr must allege specific facts that demonstrate he has been deprived of a constitutionally protected liberty or property interest without due process. *See Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (the Court "examine[s] procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.").

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Mr. Maehr should not include legal argument in his amended complaint.  "It is sufficient,

and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).   Mr. Maehr also may not include claims and arguments regarding the validity of his tax liability.

Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."   Therefore, Mr. Maehr will be directed to file his second amended complaint on the court-approved Complaint form.   Mr. Maehr is informed that he may choose to contact the Federal Pro Se Clinic at (303) 380-8786 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter.   The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver CO 80294.   Accordingly, it is

ORDERED that Mr. Maehr file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with this order.   It is

FURTHER ORDERED that Mr. Maehr shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Maehr fails within the time allowed to file a second amended complaint that complies with this order, the action will be dismissed without further notice.

DATED December 20, 2018, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge