**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02948-PAB-NRN


JEFFREY T. MAEHR,

      Plaintiff,

      v.

U.S. STATE DEPARTMENT,

      Respondent.

---

**UNITED STATES' PARTIAL OBJECTION TO MAGISTRATE'S
REPORT AND RECOMMENDATION (Dkt. 46)**

---

The United States, the proper party acting on behalf of the Internal Revenue Service and the Department of State, submits a limited objection to Magistrate Judge Neureiter's Report and Recommendation.  (Dkt. 55, the "R&R").  The R&R recommended that plaintiff Jeffrey Maehr's operative complaint (Dkt. 32) be dismissed with prejudice.  The United States fully agrees with that outcome.  However, the United States respectfully submits this short statement to address a jurisdictional defect, to clarify the record moving forward, and to avoid any suggestion of waiver.

## I.    ARGUMENT

The R&R appears to assume that Mr. Maehr has asserted a proper basis for jurisdiction, and that he can style his suit as a request for mandamus relief against the Secretary of State. However, "[i]t is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005), *quoting United States v. Mitchell*, 445 U.S. 535, 538 (1980) (additional quotation omitted).  That means that if Mr. Maehr wishes to sue the United States, he must point to an explicit waiver of sovereign immunity.  It also means that the nature of the waiver governs the type of action he may bring.  He is limited to the causes of action that Congress has specifically provided.

Mr. Maehr's complaint asserted that the Court has jurisdiction under 28 U.S.C. § 1331, which allows federal courts to hear cases arising under the Constitution, federal laws, and treaties.  But as the United States noted in its opening brief (Dkt. 46 at 12), § 1331 does not confer subject-matter jurisdiction on its own.  Litigants must look to other statutes for a waiver of sovereign immunity.  *Delgado*, 428 F.3d at 919; *see also Williams v. United States*, 2018 U.S.

1

Dist. LEXIS 75315, at *4 (D. Utah May 2, 2018) (finding no jurisdiction where plaintiff relied on 28 U.S.C. § 1331 and § 1343 but did not show a waiver of sovereign immunity).

Here, there is a statute on point that contains a limited waiver of sovereign immunity. This entire case arose because of 26 U.S.C. § 7345, in the Internal Revenue Code, and § 7345(e) provides a waiver.  As discussed in the earlier briefing, the statute provides that when a taxpayer has "seriously delinquent tax debt", as defined in the statute, and meets certain other criteria, the IRS can "certify" the taxpayer's status, and provide notice of the certification to the State Department.  The State Department is authorized to revoke certified individuals' passports.  *See* 22 U.S.C. § 2714a(e)(2).  That, Mr. Maehr says, is what happened to him.  Sub-section 7345(e) allows taxpayers to challenge "erroneous" certifications in the federal district courts, or in the Tax Court.  If the regime were unconstitutional, as Mr. Maehr argues, certification would presumably be improper or illegal, *i.e.*, "erroneous."  If a court finds that certification was erroneous, § 7345(e)(2) provides that the court may order the Treasury Department to notify the State Department that the certification was incorrect.  The taxpayer could then reapply for a passport.

For reasons that remain unclear, Mr. Maehr does not wish to sue under § 7345.  (*See* Dkt. 52 (response to United States' motion to dismiss) at 4-6).  Instead, he asserts in his response brief that he is seeking an order of mandamus against the Secretary of State, and argues that the Court has jurisdiction under 28 U.S.C. § 1361, the federal mandamus statute.  (*Id.* at 4).  Because Mr. Maehr only raised the mandamus statute in a response brief, rather than in his operative complaint, the United States did not address it in the initial motion to dismiss.  However, as the United States explained in its reply, mandamus is a drastic remedy, to be invoked only in

2

extraordinary circumstances.  (*See* Dkt. 53 at 3); *Soc. Sec. Law Ctr., LLC v. Colvin*, 542 F. App'x

720, 722 (10th Cir. 2013) (citations omitted).  Mr. Maehr's mandamus argument is fatally flawed

for at least two reasons.

His first problem is that mandamus is only available when a petitioner has exhausted

other avenues for relief.  *See*, *e.g.*, *Soc. Sec. Law Ctr., LLC v. Colvin*, 542 F. App'x 720, 722

(10th Cir. 2013) (citations omitted).  For example, when an airplane pilot brought a mandamus

petition challenging the Federal Aviation Administration's refusal to renew his "airman

certificate," a court in this circuit dismissed his petition for lack of subject matter jurisdiction.

The Court did so because a statute provided a specific process to challenge the FAA's actions,

and the pilot had not shown he had exhausted that remedy.  *Lemarie v. FAA*, 2013 U.S. Dist.

LEXIS 180979, *4-5 (W.D. Okla. Dec. 30, 2013).

That is the situation here.  Mr. Maehr wants his passport reinstated, or, at least, to be

deemed eligible for a passport notwithstanding substantial tax debts and a long history of

collections disputes.  (*See* Dkt. 46 at 1 n.2).  Section 7345(e) provides him an avenue to seek his

desired result, but he is not even attempting to pursue it.  He does not argue that § 7345 bars

constitutional claims; he argues only that he wants mandamus relief.  But the fact that Mr. Maehr

does not ***want*** to use § 7345(e) does not mean he ***cannot***.  His failure to exhaust his other

remedies precludes a mandamus suit.

That is all the more clear because Congress has specifically provided that the Secretary of

State shall not be liable for actions taken in connection with a certification under § 7345.  (*See*

Dkt. 46 at 12; 22 U.S.C. § 2714a(e)(3)).  Mr. Maehr is not free to ignore the waiver of sovereign

immunity Congress has provided to him, merely because he would prefer an avenue Congress has explicitly barred.

His second problem is that the Court cannot issue a mandamus order against the Secretary of State without invading the discretionary authority vested in another branch of government.  *See, e.g.*, *Childs v. Weinshienk*, 320 F. App'x 860, 862 (10th Cir. 2009) (mandamus applies only where an official owes a clear, non-discretionary duty); *McMillan v. No Respondents Named*, 2012 U.S. Dist. LEXIS 104838, at *3 (D. Colo. July 26, 2012)("The constitutional doctrine of separation of powers precludes this Court from issuing an order directing the exercise of a discretionary executive function.")(citations omitted).  Issuing and revoking passports are inherently discretionary activities.  (Dkt. 53 at 3-4); *see also* 22 U.S.C. § 211a ("The Secretary of State *may* grant and issue passports…"); *Haig v. Agee*, 453 U.S. 280, 294 n.26 (1981) (observing that an early amendment to the first Passport Act replaced the phrase "shall be authorized" with "may", and noting that "may" connotes "substantial discretion").  It would be particularly inappropriate for the Court to order the Secretary of State to reissue a passport to a de-certified taxpayer, because the Secretary might determine that the taxpayer has become ineligible for some other reason.  The framework Congress established in § 7345 reflects that reality, by providing for de-certification, but leaving whether to reissue a passport to the Secretary of State.  Mandamus does not lie here because issuing passports is more than a ministerial duty.

This does not mean that the Court cannot hear Mr. Maehr's challenge.  While the Court may not merely assume jurisdiction to reach the merits, "[a]ffirmative pleading of the precise statutory basis for federal subject-matter jurisdiction is not required as long as a complaint

4

alleges sufficient facts to establish jurisdiction." *Basic Research, LLC v. FTC*, 807 F. Supp. 2d

1078, 1089 (D. Utah 2011) (citations omitted).  Indeed, "jurisdiction may be established by

reading a complaint holistically, even though the jurisdiction asserted was expressly improper."

*Id.*; *Negrete v. Maloof Distrib. L.L.C.*, 2006 U.S. Dist. LEXIS 95232, at *12 (D.N.M. Oct. 17,

2006) (similar).  In other words, the Court could find jurisdiction under § 7345(e), and then find,

as the R&R recommended, that Mr. Maehr's substantive claims have no merit.  But it should not

suggest there is mandamus jurisdiction.

## II.    CONCLUSION

For the reasons stated above and in the United States' prior briefing, the Court should

adopt the R&R's recommendation, and order that Mr. Maehr's complaint be dismissed with

prejudice.


DATED: October 10, 2019


RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/E. Carmen Ramirez*
E. CARMEN RAMIREZ
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 616-2885
FAX: (202) 307-0054
Email: E.Carmen.Ramirez@usdoj.gov

Of counsel:

JASON R. DUNN
United States Attorney

*Attorneys for the United States*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing is made this 10th day of

October, 2019, via ECF.


*/s/ E. Carmen Ramirez*
E. Carmen Ramirez
Trial Attorney, Tax Division
U.S. Department of Justice