IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civils Action No. 18-cv-2948-PAB-NRN

JEFFREY T. MAEHR,

Plaintiff,

v.

UNITED STATES Department of State, including Secretary of State Mike Pompeo, in his official capacity,

Defendants.

---

**MAEHR'S RESPONSE TO THE GOVERNMENT'S PARTIAL OBJECTION TO MAGISTRATE JUDGE NEUREITER'S RECOMMENDATION REGARDING MOTION TO DISMISS [ECF 58]**

---

Plaintiff Jeffrey T. Maehr responds to the Government's partial objection [ECF 58] to the portion of Magistrate Judge Neureiter's recommendation [ECF 55] determining that the Court has jurisdiction to entertain this action against the State Department.

## I.   SUMMARY OF RESPONSE

While Mr. Maehr does not concede that he owes a seriously delinquent tax debt, this action assumes *arguendo* that he does, and maintains that the Government still may not revoke his passport and thereby take away his established constitutional right to travel internationally just because he owes an ostensible debt.  Mr. Maehr therefore seeks an order directing the State Department (and if necessary Secretary of State Mike Pompeo) to reinstate his passport.

The Government seeks to lead Mr. Maehr and the Court down a garden path it blazes with inapposite sovereign immunity arguments. According to the Government, the FAST Act expressly permits suits against the Commissioner of Internal Revenue to challenge one's certification as owing a seriously delinquent tax debt, so that kind of suit is the only suit this Court has jurisdiction to entertain. The specific relief Mr. Maehr seeks – a court order directing the State Department to reinstate his passport regardless of whether he owes a debt or not – is supposedly barred by sovereign immunity.

We fought the Revolutionary War to rid ourselves of such notions of sovereign immunity. There may be prudential limits on actions for damages against the Government, but not where a claimant simply seeks injunctive relief to remedy a constitutional violation by a federal agency or officer. This Court has mandamus jurisdiction to entertain Mr. Maehr's request that the Court order the State Department to reinstate his passport under 28 U.S.C. § 1361 (mandamus jurisdiction over federal officers, employees and agencies) and the long-established *Larson / Dugan* exception to sovereign immunity. *See McQueary v. Laird*, 449 F.2d 608, 610 (10th Cir. 1971) (applying *Larson / Dugan* exception to sovereign immunity, although denying the requested injunctive relief).

## II. ARGUMENT

The Government argues that Magistrate Judge Neureiter erred in determining that this Court has jurisdiction. *See* Recommendation pp. 8-9. According to the Government, the State Department (and Secretary of State Mike Pompeo) cannot be sued unless the Government deigns to allow a suit by waiving its sovereign immunity. The Government argues that the FAST Act contains such a waiver: 26 U.S.C. § 7345(e)

70928154.1

allows tax debtors who have been certified as owing seriously delinquent tax debts to sue the Commissioner of Internal Revenue over their certification – *i.e.* they can try to get off the list of tax debtors whose passports are revoked by paying their tax debt, working out a payment plan, or perhaps obtaining some kind of temporary exception for humanitarian reasons like bereavement travel; or they can file a lawsuit if they think they have been erroneously placed on the list. Similarly, the portion of the FAST Act's passport revocation regime codified in the State Department's Title 22 effectively tells tax debtors that if they disagree with the State Department's revocation their passports, don't blame the State Department – it was just doing what the passport revocation law requires. 22 U.S.C. § 2714a(e)(2). Rather, such taxpayers can (and per the Government can *only*) sue the IRS to get off the list of delinquent taxpayers. *Id.*

The Government argues that these two provisions constitute the sole waiver of sovereign immunity in the FAST Act's passport revocation regime, and as a result Mr. Maehr's sole remedy is to sue the IRS to get off the list of seriously delinquent taxpayers. According to the Government, this Court lacks jurisdiction to consider the claim Mr. Maehr actually asserts: presuming *arguendo* that he owe a tax debt, substantive due process prevents the Government from depriving him of his constitutional right to travel internationally as a means of coercing him to pay that ostensible debt.

### A. The *Larson / Dugan* exception applies.

While Magistrate Judge Neureiter erred in his substantive recommendation to dismiss Mr. Maehr's claim, the Magistrate Judge got the jurisdictional analysis correct. Recommendation [ECF 58] at 8-9. The current amended complaint invoked federal question jurisdiction under 28 U.S.C. § 1331. As explained in the briefing below the

70928154.1

Court also has jurisdiction under 28 U.S.C. §§ 2201 and 2202 (declaratory judgment and further relief);[1] and 28 U.S.C. § 1361 which provides district courts with mandamus jurisdiction over federal officers, employees and agencies. This action is, at its core, a mandamus action: Mr. Maehr asks this Court to order the State Department (and if necessary Secretary of State Mike Pompeo) to reinstate his passport unless and until the Government proves *ne exeat* predicates as to him, which the Government has not suggested it can prove, and will not be able to.

It is well established that in an action against a federal officer or agency, "the doctrine of sovereign immunity does not apply if (1) the actions of the officers are beyond their statutory authority; and [*sic*, should be "or"] **(2) although acting within the scope of their authority, the powers exercised or the manner in which they are exercised are constitutionally void."** *McQueary v. Laird*, 449 F.2d 608, 610 (10th Cir. 1971) (emphasis added) (applying *Larson / Dugan* exception to sovereign immunity, but declining to order the Secretary of Defense to stop storing chemical weapons at Rocky Mountain Arsenal), citing *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 701-02 (1949) (establishing exception to sovereign immunity doctrine for lawsuits against federal officers based on actions that are constitutionally void) and *Dugan v. Rank*, 372 U.S. 609, 621-22 (1963) (where federal officer's exercise of powers is "constitutionally void," "the officer's action can be made the basis of a suit for specific relief against the officer as an individual").

[1] Section 2201 exempts tax questions from declaratory relief, but this action does not ask the Court to determine any tax questions.

The *Larson / Dugan* exception to sovereign immunity is well established. In addition to the *McQueary* case applying it in the Tenth Circuit, other circuits routinely apply it to entertain actions against federal agencies and officers to enjoin deprivation of constitutional rights and authorize injunctive relief for constitutional violations. *See, e.g.*, Charles F. Abernathy, *Sovereign Immunity in a Constitutional Government: The Federal Employment Discrimination Cases*, 10 Harv. C.R.-C.L. L. Rev. 322, 335 n. 78 (1975) (collecting cases applying *Larson / Dugan* exception to permit employment discrimination lawsuits against federal officers and agencies).

In fact, one of the cases cited by the Government for the proposition that the right of international travel is not grounded in the Constitution's Privileges and Immunities Clauses correctly applied the *Larson / Dugan* exception to confirm jurisdiction. *See Pollack v. Duff*, 793 F.3d 34, 38 (D.C. Cir. 2015).[2] There, Malla Pollack, a young lawyer from Kentucky, applied for a job with Administrative Office of U.S. Courts in Washington D.C. The Office rejected her application because she didn't meet the requirement that applicants either live in Washington D.C. or have a prior position with the Office. *Id.* at 37. Pollack sued the Office claiming that its residency requirement violated her constitutional right to travel. *Id.* at 37-38. While the D.C. Circuit ultimately upheld the dismissal of her claim on the merits, it noted that the district court had

---

[2] As Mr. Maehr has acknowledged, the right of international travel is indeed not grounded in the Privileges and Immunities Clauses, but in the Fifth Amendment. *Kent v. Dulles*, 357 U.S. 116, 125 (1958). Mr. Maehr corrected that misstatement in the underlying dismissal briefing at oral argument before Magistrate Judge Neureiter, and again in his objections to the Magistrate Judge's recommendation dismiss. ECF 59 at 14.

initially dismissed Pollack's complaint for lack of jurisdiction, and that the D.C. Circuit had previously reversed this error because the *Larsen / Dugan* exception to sovereign immunity applied. *Id.* at 38.[3]

Mr. Maehr's position in this action is that the State Department's act of revoking his passport, while statutorily authorized by the FAST Act, was constitutionally void – basic principles of substantive process prohibit the federal government from revoking constitutional rights to coerce payment of a debt. *United States v. Shaheen*, 445 F.2d 6, 10-11 (7th Cir. 1971) (rejecting Government's request for a writ of *ne exeat* to prevent tax debtor from traveling internationally because Government had not established that the debtor was secreting assets abroad; merely owing a tax debt is an insufficient basis for suspending a constitutional right). Mr. Maehr does not seek damages (which would trigger a *Bivens* analysis and also qualified immunity considerations), but only equitable relief: he wants this Court to order the State Department, and if necessary the Secretary of State, to reinstate his passport. This is precisely the sort of injunctive relief that falls within the *Larson / Dugan* exception to sovereign immunity.

The Government's erroneous jurisdictional argument touts the *procedural* due

---

[3] *Pollack* is inapposite on the merits for the same reason that *Califano v. Aznavorian*, 439 U.S. 170 (1978) is inapposite: the job's residency requirement posed no direct restraint on the right to travel. Nobody was preventing Ms. Pollack from traveling wherever she wanted to. That is what makes *Aznavorian*'s language suggesting (but not holding) that the right of international travel is of lower status than the right of interstate travel *dicta*. And that is why the Supreme Court's repetition of this *dictum* in a proper right to travel case, *Haig v. Agee*, 453 U.S. 280, 307 (1981), is not a sound basis for disregarding the Supreme Court's prior holdings that the right of international travel is indeed a fundamental right for substantive due process purposes. *E.g. Kent v. Dulles*, 357 U.S. 116, 125 (1958).

process provisions of 26 U.S.C. § 7345(e) that allow tax debtors to challenge their certification as seriously delinquent tax debtors. That is certainly an improvement over the Government's prior passport revocation regime for child support debts, 42 U.S.C. § 652(k), which faced procedural due process challenges because it lacked any mechanism for allowing parents to challenge their placement on the list of deadbeat parents whose passports were revoked. But Mr. Maehr's claim in this action (without prejudice to his other actions) is not to challenge the process that placed him on the list of seriously delinquent tax debtors. This action argues that even if he owes what the Government says he does, the Government still may not deprive him of his constitutional right to international travel as a means of coercing payment. This is a substantive due process challenge – not a procedural challenge that might be resolved by following the garden path the Government suggests he take.

**B. The mandamus remedy sought here is limited and appropriate.**

The Government next argues that mandamus is an extraordinary remedy that may only be invoked as a last resort, and may not intrude on the State Department's executive discretion.

These arguments are misplaced. Mandamus is appropriate here because there is no other way for Mr. Maehr to vindicate his constitutional right to travel internationally regardless of his status as an ostensible tax debtor. The Government's alternative avenue for relief is its suggestion that Mr. Maehr use the procedural mechanisms of 26 U.S.C. § 7345(e) to, *e.g.*, work out a payment plan that would persuade the IRS to take him of the list of seriously delinquent tax debtors, and allow the State Department to reinstate his passport. That is not what Mr. Maehr seeks through this action. He is

entitled to have his passport reinstated regardless of his tax debt status.

The discretionary concerns the Government raises are similarly not implicated by this action. If the State Department had revoked Mr. Maehr's passport because it believed he posed a threat to national security, that would be the sort of exercise of executive discretion that courts might be wary of interfering with through their mandamus powers. *See Agee*, 453 U.S.at 283 (affirming revocation of ex-CIA agent Philip Agee's passport because he planned to expose undercover agents in his travels). The same concerns might apply if foreign policy were at issue – *e.g.* if Mr. Maehr intended to travel to North Korea and the only way to stop him was to revoke his passport. *See Zemel v. Rusk*, 381 U.S. 1, 15-16 (1965) (affirming passport limitation preventing Louis Zemel from traveling to Cuba during the Cold War embargo). But the State Department did not exercise any executive discretion in following 22 U.S.C. § 2714a(e)(2) – it simply revoked the passports of Mr. Maehr and everyone else on the IRS's tax debtor list because they owed the Government money, as the statute directs.

More importantly (and dispositively), the remedy that Mr. Maehr seeks does not interfere with the State Department's executive discretion because the State Department has no discretion to violate the Constitution. If, as Mr. Maehr contends, the FAST Act passport revocation regime is unconstitutional as applied to him, then the State Department must reinstate his passport. If the Government has some other, good reason for revoking his passport (*i.e.* not the constitutionally inadequate reason that he owes the Government money), the Government has not articulated it.

**C. The Court can amend the caption if necessary.**

As explained below and acknowledged by the Magistrate Judge, if it is for some

reason necessary to amend the caption to list the United States as a defendant or the defendant, Mr. Maehr does not object – so long as it does not impact the relief he seeks in this action, which is not to work out a payment plan with the IRS, but to get his passport reinstated.

## III. CONCLUSION

This action is properly framed and captioned. It is an action against the State Department and Secretary of State Mike Pompeo in his official capacity, asking for relief in the nature of mandamus: reinstatement of Mr. Maehr's passport. This requested mandamus relief is warranted by the unconstitutionality of the FAST Act's passport revocation regime, codified at 26 U.S.C. § 7345 and 22 U.S.C. § 2714a(e)(2). The Government has responded to the challenge. This Court has jurisdiction to decide it under the *Larson / Dugan* exception to sovereign immunity. Should the Court determine that it is important for the caption to name the United States as a defendant, in addition to or in lieu of the Department of State and Secretary of State Pompeo, Mr. Maehr has no objection to the caption being so modified.

This Court should adopt Magistrate Judge Neureiter's correct jurisdictional analysis, but reject his merits analysis recommending that Mr. Maehr's complaint be dismissed because the Government's interest in collecting tax debts supposedly justifies revoking the tax debtors' constitutional rights until they pay up.

Dated: October 24, 2019.

Respectfully submitted,

s/*Bennett L. Cohen*

Sean R. Gallagher
Bennett L. Cohen
Megan E. Harry
Polsinelli PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Telephone: (303) 572-9300
Email: bcohen@polsinelli.com
*Attorneys for Mr. Maehr in no. 18-cv-2948*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of October, 2019, I served a true and correct copy of the foregoing via CM/ECF, which will send electronic notification to all parties and their counsel, including:

E. Carmen Ramirez
United States Department of Justice, Tax Division

*s/ Bennett L. Cohen*
Bennett L. Cohen