IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civils Action No. 18-cv-2948-PAB-NRN

JEFFREY T. MAEHR,

Plaintiff,

v.

UNITED STATES Department of State, including Secretary of State Mike Pompeo, in his official capacity,

Defendants.

---

## MAEHR'S RESPONSE TO THE GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY (*ABDI V. WRAY*) [ECF 62]

---

Plaintiff Jeffrey T. Maehr agrees with the Government that the recent Tenth Circuit decision in *Abdi v. Wray*, no. 18-4078 (10th Cir. 11/12/2019) [slip op. at ECF 62-1] is important supplemental authority for this Court's review of Magistrate Judge Neureiter's recommendation to dismiss Mr. Maehr's lawsuit.  Mr. Maehr submits that the *Abdi* decision supports his position that the right to travel abroad is a fundamental right for substantive due process purposes.[1]

*Abdi* is the Tenth Circuit's first published decision addressing the constitutional

---

[1] Paragraph III.B.2 of the Court's civil practice standards state that "No surreply or supplemental briefs shall be filed without leave of Court."  However, Local Rule 7.1(f) contemplates the filing of supplemental authorities.  Additionally, Mr. Maehr must make his record now, lest the Tenth Circuit deem arguments waived.  Hence, Mr. Maehr provides this short explanation of why the *Abdi* decision supports his position rather than the Government's.  Mr. Maehr has no objection to a reply from the Government.

right of international travel.  Abdi sued various government officials to be taken off the

TSA's "Selectee List" which subjected Abdi to enhanced screening at airports for both

domestic and international flights.  The Tenth Circuit ruled that such enhanced

screening was not a legally cognizable infringement of his constitutional rights of

interstate or international travel.  The Court therefore affirmed the dismissal of Abdi's

lawsuit without determining whether the right of international travel is a fundamental

or lesser right; or determining whether the Government's interest in safe air travel

justifies the inconvenience that "selectees" like Abdi endure, or the amount of process

Abdi should get to challenge his inclusion on this list.

> Mr. Maehr's claim differs from Abdi's in at least two dispositive ways:

- In Mr. Maehr's case, the Government's revocation of his passport makes international travel impossible, not just less convenient; and

- Mr. Maehr readily acknowledges that maintaining safe skies (national security) is the sort of compelling interest that may justify restricting a fundamental right; but here, the Government is restricting Mr. Maehr's international travel to coerce him to pay a debt rather than for national security or any other compelling reason.

The Tenth Circuit's basis for affirming the dismissal in *Abdi* therefore cannot and does

not apply to Mr. Maehr.

> **However, the Tenth Circuit's constitutional analysis in *Abdi* supports**

**Mr. Maehr's position that the right of international travel is a fundamental**

**right**.

> In the course of discussing the constitutional right to travel, the Tenth Circuit

took care not to casually characterize the right of international travel as less than

fundamental, the way other circuits have.  *E.g. Weinstein v. Albright*, 261 F.3d 127, 140

(2nd Cir. 2001).  Instead, the Tenth Circuit properly looked to Supreme Court precedent to insure that it neither created a new substantive due process right of international travel, nor gave this right less substantive due process weight than Supreme Court precedent requires.  Slip op. at 14 ("[W]e rely on Supreme Court precedent to articulate the rights to travel interstate and internationally that are at stake.")  Such careful analysis is especially warranted because the Supreme Court's key right-to-travel cases all predate its more recent analytical approach to fundamental rights developed in *Washington v. Glucksberg*, 521 U.S. 702, 721-22 (1997).

The Tenth Circuit discussed the apparently competing lines of Supreme Court authority addressing the substantive due process status of the rights of interstate and international travel.  For international travel, the Court noted the language in *Kent v. Dulles* that describes the right of international travel in terms reserved for fundamental rights.  Slip op. at 15, quoting *Kent v. Dulles*, 357 U.S. 116, 126 (1958).[2]  The Tenth Circuit also quoted the Supreme Court's later comparison of the rights of international and interstate travel in terms of how the two rights have been "qualified."  *Id.* at 15, citing *Califano v. Torres*, 435 U.S. 1, 4 n.6 (1978).  The Court reviewed cases holding

---

[2] The Tenth Circuit specifically quoted the Supreme Court's description of international travel as potentially "necessary for a livelihood . . . [and] may be as close to the heart of the individual as the choice of what he eats, or wears, or reads."  *Id.*  Just prior to this language, the Supreme Court grounded the right of international travel in the Magna Carta, and described the right as "part of our heritage" and "basic in our scheme of values."  *Kent*, 357 U.S. at 125.  That is how the Supreme Court describes a constitutional right as fundamental.  *E.g. Glucksberg*, 521 U.S. at 720-21; *McDonald v. Chicago*, 561 U.S. 742, 759-61 (2010); *Twining v. New Jersey*, 211 U.S. 78, 99-107 (1908).

that both interstate and international travel may be permissibly qualified or restricted for good enough reasons. *Id.* at 15-16 (reviewing cases holding that particular restrictions were too minor to effectively interfere with the right; or that particular government interests are sufficiently compelling to justify substantial restrictions).

However, the Tenth Circuit did not resolve this tension in the controlling Supreme Court caselaw regarding the substantive due process status of the right to international travel because it held Abdi's Selectee List status did not impair his travel rights enough to support a legally cognizable substantive due process claim. (By contrast, Mr. Maehr's right and ability to travel internationally has been completely revoked by the Government.)

Other circuits have misread the Supreme Court's caselaw in this area as creating a two-tier approach to the constitutional right to travel: interstate travel is a fundamental right that can almost never be qualified, whereas international travel is not a fundamental right and can therefore be qualified for nearly any reason, per the deferential rational basis analysis. *E.g. Weinstein v. Albright*, 261 F.3d 127, 140 (2nd Cir. 2001). That sort of post-*Glucksberg* dichotomy does not emerge from a careful reading of the controlling Supreme Court caselaw, as explained in Mr. Maehr's briefing, and as the Tenth Circuit has now correctly recognized in *Abdi*. Rather, the question is always whether the Government's reasons for qualifying either right to travel are strong enough to justify the travel restriction at issue. Slip op. at 15-16.

The Tenth Circuit has thus left the door open for the precise substantive due process analysis that Mr. Maehr urges here, by recognizing how the Supreme Court's

71464488.1

own authoritative cases have equated the rights of international and interstate travel for substantive due process purposes (describing both as fundamental rights), but have seen fit to qualify the right of international travel more often given the Government's compelling interests in national security and foreign policy.

Approaching the right to travel per the Tenth Circuit's careful analysis, rather than the convenient binary shorthand other circuits have uncritically adopted, fully supports Mr. Maehr's claim.  There are no national security, foreign policy or other truly compelling interests to justify the Government's revocation of Mr. Maehr's right to travel abroad.

The Government's only proffered interest here is making debt collection easier. While this may be a legitimate government interest, it is not the sort of compelling interest that can justify curtailing an established constitutional right that is rooted in the Magna Carta, "part of our heritage" and "basic in our scheme of values" – *i.e.* a fundamental right.  *Kent*, 357 U.S. at 125; *United States v. Shaheen*, 445 F.2d 6, 10-11 (7th Cir. 1971) (because passport revocation to coerce debt payment "impinges upon a constitutionally protected personal liberty, ... the Government has the burden of demonstrating that the restraint of liberty is a necessary, and not merely coercive and convenient, method of enforcement.").

71464488.1

Dated:  December 4, 2019.

Respectfully submitted,

s/*Bennett L. Cohen*
Sean R. Gallagher
Bennett L. Cohen
Megan E. Harry
Polsinelli PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Telephone: (303) 572-9300
Email: bcohen@polsinelli.com
*Attorneys for Mr. Maehr in no. 18-cv-2948*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2019, I served a true and correct copy of the foregoing via CM/ECF, which will send electronic notification to all parties and their counsel, including:

E. Carmen Ramirez
United States Department of Justice, Tax Division

*s/ Bennett L. Cohen*
Bennett L. Cohen

71464488.1