IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02948-PAB-NRN

JEFFREY T. MAEHR,

Plaintiff,

v.

UNITED STATES Department of State, including Secretary of State Mike Pompeo, in his official capacity,

Defendant.

---

**ORDER**

---

This matter is before the Court on the magistrate judge's Report and Recommendation on Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 55] entered on September 27, 2019. Magistrate Judge N. Reid Neureiter recommends that defendant's motion to dismiss [Docket No. 46] be granted. Docket No. 55 at 1. On October 10, 2019, the United States[1] and plaintiff filed objections to the magistrate judge's recommendation. Docket No. 58; Docket No. 59. Each party responded to the opposing party's objections on October 24, 2019. Docket No. 60

---

[1] Plaintiff purports to sue the United States State Department and Secretary of State Mike Pompeo. *See* Docket No. 32. In its motion to dismiss, defendant argues that only the United States may be named as a defendant in plaintiff's lawsuit. Docket No. 46 at 17-18. Defendant relies upon 22 U.S.C. § 2714a(e)(3), which provides that "the Secretary of State . . . shall not be liable to an individual for any action with respect to a certification by the Commissioner of Internal Revenue under § 7345 of Title 26." However, as explained in this order, plaintiff does not bring an action challenging his certification as a seriously delinquent tax debtor. *See* Docket No. 32 at 1, ¶ 1. Rather, he challenges the constitutionality of § 7345. *Id.*, ¶ 2.

(defendant's response); Docket No. 61 (plaintiff's response).

## I. BACKGROUND

The background facts and procedural history in this case are set out in the magistrate judge's recommendation and will not be repeated unless necessary for purposes of this order. In or about 2010, the Internal Revenue Service ("IRS") determined that plaintiff owed the government approximately $250,000 in federal taxes and penalties based on tax years 2003-06. Docket No. 32 at 4, ¶ 13. The IRS certified that plaintiff had a "seriously delinquent" tax debt – i.e., debt exceeding $50,000 – under 26 U.S.C. § 7345. *Id.* at 5, ¶ 17. On December 4, 2018, defendant sent a letter to plaintiff ordering him to surrender his passport to the State Department. *Id.*, ¶¶ 17-18. Plaintiff voluntarily surrendered his passport. *Id.*, ¶ 20.

Plaintiff argues that the revocation of his passport violated his constitutional right to travel. *Id.* at 7-8, ¶¶ 30-31, 33. He seeks an injunction ordering defendant to reinstate his passport, a declaration that the statute under which his passport was revoked, 26 U.S.C. § 7345, is unconstitutional, and an award of fees and costs. *Id.* at 11-12.

Magistrate Judge Neureiter recommends that defendant's motion to dismiss be granted and the case be dismissed with prejudice. Docket No. 55 at 19. Both parties filed objections to the recommendation. Docket No. 58; Docket No. 59.

## II. STANDARD OF REVIEW

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if

it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.* In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

## III. ANALYSIS

### A. Jurisdiction

Defendant partially objects to the magistrate judge's order insofar as the magistrate judge determined that subject matter jurisdiction exists in this case. *See* Docket No. 55 at 9; *see also* Docket No. 58 at 2. Whether a court has subject matter jurisdiction is a threshold inquiry that must be determined before proceeding to the merits of a party's claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "If a district court lacks jurisdiction, it has no authority to rule on the merits of a plaintiff's claims." *Lemarie v. FAA*, 2013 WL 6858697, at *1 (W.D. Okla. Dec. 30, 2013).

In its motion to dismiss, defendant argued that plaintiff's complaint contained a jurisdictional defect in that it did not clearly set out a basis for a waiver of the

government's sovereign immunity. Docket No. 46 at 17.[2] In response, plaintiff argued that the Court has mandamus jurisdiction under 28 U.S.C. § 1361, which provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The magistrate judge "agree[d] that the relief sought here is generally in the nature of a mandamus action" and determined that the Court has subject matter jurisdiction. Docket No. 55 at 9.

Section 1361 of Title 28 provides "mandamus jurisdiction to all federal district courts." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1235 (10th Cir. 2005). "[A]pplication of the mandamus remedy to require a public official to perform a duty imposed upon him in his official capacity is not limited by sovereign immunity." *Id.* at 1234. "The Supreme Court has made clear that the writ of mandamus is a 'drastic' remedy that is 'to be invoked only in extraordinary circumstances.'" *Soc. Sec. Law Ctr., LLC v. Colvin*, 542 F. App'x 720, 722 (10th Cir. 2013) (unpublished) (quoting *Allied Chem. Corp. v. Daiflin, Inc.*, 449 U.S. 33, 34 (1980)).

However, "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Defendant argues that plaintiff has failed to exhaust

---

[2] Plaintiff's complaint also alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1331. However, this section "does not waive the government's sovereign immunity," and "district court jurisdiction cannot be based on § 1331 unless some other statute waives sovereign immunity." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (quoting *Neighbors for Rational Dev., Inc. v. Norton*, 379 F.3d 960-61 (10th Cir. 2004)).

his administrative remedies here. Docket No. 58 at 4. Specifically, defendant argues that plaintiff has other potential remedies under 26 U.S.C. § 7345, which provides that, once it has been certified by the Commissioner of the IRS that a taxpayer has "a seriously delinquent tax debt" and this certification was been transmitted to the Secretary of State for revocation of a passport, "the taxpayer may bring a civil action against the United States in a district court of the United States, or against the Commissioner in the Tax Circuit, to determine whether the certification was erroneous or whether the Commissioner has failed to reverse the certification." 26 U.S.C. § 7345(a), (e)(1).

Plaintiff contends that he was not required to file an action under § 7345(e) because that provision cannot provide the relief he seeks here. Docket No. 61 at 7. Plaintiff challenges not the certification of his delinquent status, but the constitutionality of defendant's revocation of his passport. *Id.* The Court agrees with plaintiff that the nature of relief he seeks here is not of the kind that he could receive under 26 U.S.C. § 7345(e). This section permits a taxpayer to challenge the Commissioner of Internal Revenue's certification of delinquency, not the resulting passport revocation by the Secretary of State. *See* 26 U.S.C. § 7345(e); *see also Wall v. United States*, 2019 WL 7372731, at *2 (Fed. Cl. Dec. 31, 2019) (stating that 26 U.S.C. § 7345(e) "empowers a U.S. district court or the Tax Court to determine if the certification of revocation of a passport was erroneous"). Plaintiff, in this lawsuit, does not challenge the Commissioner's certification of his delinquency. *See* Docket No. 32 at 1, ¶ 1 ("[T]his amended complaint will not attack the tax assessments, the deficiency determinating, or the tax debt generally."). Rather, "[t]he narrower purpose of [the lawsuit] is to

challenge the Government's purported revocation of [plaintiff's] passport under the FAST Act, 26 U.S.C. § 7345." *Id.*, ¶ 2; *see also id.* at 7, ¶ 30 (alleging that the "passport revocation regime" in 26 U.S.C. § 7345 creates an unconstitutional deprivation of the right to travel); *see also* 22 U.S.C. § 2714a(e)(2) (providing the Secretary of State with authority to revoke the passport of individuals who have been certified delinquent under 26 U.S.C. § 7345). Because the basis of plaintiff's lawsuit could not have been raised in a challenge under § 7345(e), the Court finds that plaintiff was not required to have filed suit under that statute to exhaust his administrative remedies.

Defendant argues that "the Court cannot issue a mandamus order against the Secretary of State without invading the discretionary authority vested in another branch of government." Docket No. 58 at 5. Mandamus relief is available only if the plaintiff demonstrates that the defendant owes the plaintiff a clear, nondiscretionary duty. *Heckler*, 466 U.S. at 616. It is a "well-taken rule" that, "to the extent a statute vests discretion in a public official, his exercise of that discretion should not be controlled by the judiciary." *Carpet, Linoleum and Resilient Tile Layers, Local Union No. 419 v. Brown*, 656 F.2d 564, 566 (10th Cir. 1981). Defendant argues that, because "[i]ssuing and revoking passports are inherently discretionary activities," it would be "inappropriate for the Court to order the Secretary of State to reissue a passport to a de-certified taxpayer." Docket No. 58 at 5. Plaintiff, however, contends that defendant "did not exercise any executive discretion in following 22 U.S.C. § 2714a(e)(2) – it simply revoked [plaintiff's passport] because [he] owed the Government money, as the statute directs." Docket No. 61 at 8. In addition, he argues that his lawsuit does not "interfere

with the State Department's executive discretion because the State Department has no discretion to violate the Constitution." *Id.*

Both parties are correct. Contrary to plaintiff's assertion, 22 U.S.C. § 2714a does not "direct" the Secretary of State to revoke an individual's passport when certain conditions are met. *See* 22 U.S.C. § 2714a(e)(2) ("The Secretary of State *may* revoke a passport previously issued to any individual described in paragraph (1)(A)" (emphasis added). By comparison, a preceding provision in the statute expressly prohibits the Secretary of State from issuing a passport to an individual who has been certified as delinquent under § 7345: "the Secretary of State shall not issue a passport to any individual who has a seriously delinquent tax debt described in [26 U.S.C. § 7345]." 22 U.S.C. § 2714(a)(e)(1)(A). "Statutory use of the word 'may' is presumed to grant discretionary power, absent a showing that it was indented to have mandatory effect." *Brown v. Cooke*, No. 06-cv-01092-MSK-CBS, 2009 WL 641301, at *6 (D. Colo. Mar. 9, 2009); *cf. Haig v. Agee*, 453 U.S. 280, 294 n.26 (1981) (recognizing that provision in the Passport Act which states that the Secretary of State "may" issue passports "recognizes substantial discretion").

"No government actor has 'discretion' to violate the Constitution, statutes, regulations or rules that bind them." *Limone v. United States*, 497 F. Supp. 2d 143, 203 (D. Mass. 2007) (citing *Muniz-Rivera v. United States*, 326 F.3d 8, 15 (1st Cir. 2003)); *see also Urlacher v. Lashaway*, 2017 WL 8942555, at *8 (W.D. Wash. May 4, 2017) ("Although a state's sovereignty generally allows it to choose how to meet Constitutional requirements[,] it does not provide it with the discretion to violate the Constitution.").

With respect to mandamus actions challenging purported discretionary actions, if the defendant violates a person's constitutional rights, the defendant "cannot avoid 1361 jurisdiction." *Murray v. Vaughn*, 300 F. Supp. 688, 697 (D. R.I. 1969). Thus, in order for the Court to determine whether it has mandamus jurisdiction over plaintiff's case, it necessarily must determine whether defendant acted unconstitutionally. The magistrate judge determined that it did not. Docket No. 55 at 19. Accordingly, in analyzing the constitutionality question, the Court will address plaintiff's objections to the magistrate judge's order [Docket No. 59].

**B. Constitutionality**

The magistrate judge determined that defendant did not violate the constitution when it revoked plaintiff's passport. Docket No. 55 at 19. Accordingly, in analyzing the constitutionality question, the Court will address plaintiff's objections to the magistrate judge's order. In his order recommending dismissal of plaintiff's lawsuit, the magistrate judge rejected plaintiff's arguments that (1) the revocation of his passport violated plaintiff's right to international travel under the Privileges and Immunities Clause in Article IV, Section 2 of the United States Constitution, Docket No. 55 at 12; and that (2) the right of international travel is a fundamental right, and the revocation of his passport violated this right under the due process clause of the Fifth Amendment. *Id.* at 13-14. The magistrate judge also rejected plaintiff's argument that, even if the right to international travel is not a fundamental right, the government's revocation of his passport violated his due process rights because defendant did not make the required showing to justify a writ *ne exeat republica*. Docket No. 55 at 18. Plaintiff objects to

each of these findings.

### *1. Privileges and Immunities Clause*

Plaintiff first objects to the magistrate judge's finding that the right of international travel is not protected by the Privileges and Immunities Clause. Docket No. 55 at 13. The magistrate judge found that Supreme Court precedent has consistently analyzed the right of international travel in the context of Fifth Amendment due process jurisprudence rather than Privileges and Immunities jurisprudence. *Id.* The magistrate judge "decline[d] to expand on the [limited] list of rights recognized by the Supreme Court as protected by the Privileges and Immunities Clause to include the right to international travel." *Id.* Plaintiff objects to this finding, arguing that the right of international travel is "an established constitutional right, grounded in the Fifth Amendment,"[3] and that, because the right of interstate travel is protected under the Privileges and Immunities Clause, the right of international travel should also be protected. Docket No. 59 at 14.

The Privileges and Immunities Clause provides that "[t]he Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, sec. 2. This clause "was designed to insure to a citizen of State A who ventures into State B the same privileges which the citizens of State B enjoy." *Toomer v. Witsell*, 334 U.S. 385, 395 (1948). Defendant argues that plaintiff has conceded the

---

[3] Plaintiff states that he "mistakenly argued below that the right of international travel was grounded in Article IV Section 2 Privileges and Immunities Clause." Docket No. 59 at 14 n.8. He acknowledges that the Privileges and Immunities Clause "is not the source of any privileges, but protects recognized privileges from abridgment by the states." *Id.*

fact that the Privileges and Immunities Clause "applies against state action only," Docket No. 60 at 13, which refers to plaintiff's acknowledgment that the clause "protects recognized privileges from abridgement by the states." *See* Docket No. 59 at 14 n.8. A number of circuit courts have held that the Privileges and Immunities Clause does not apply to federal action. *See Pollak v. Duff*, 793 F.3d 34, 41 (D.C. Cir. 2015) (citing cases); *see also Hague v. Committee for Indus. Org.*, 307 U.S. 496, 511 (1939) (stating that the Privileges and Immunities Clause "prevents a state from discriminating against citizens of other states in favor of its own"). Plaintiff cannot challenge federal action in the context of the Privileges and Immunities Clause. *See Robinson v. Huerta*, 123 F. Supp. 3d 30, 44 (D.D.C. 2015) (finding that pro se plaintiff's claim that his right to interstate travel had been violated had "no basis" in the Article IV Privileges and Immunities Clause and liberally construing complaint as alleging a violation of his right to interstate travel as protected by the Fifth Amendment Due Process Clause).

In his objections, plaintiff revised his argument to claim that the right to international travel is a fundamental right "grounded in the Fifth Amendment." Docket No. 59 at 14. The Court agrees with the magistrate judge that the right to international travel is more appropriately analyzed in the Fifth Amendment Due Process context. *See Robinson*, 123 F. Supp. 3d at 44; *see also* Docket No. 55 at 13. As a result, the Court overrules plaintiff's objection concerning his Privileges and Immunities Clause argument.

### ***2. Fifth Amendment Due Process***

Plaintiff objects to the magistrate judge's finding that (1) the right of international

travel is not a fundamental right, Docket No. 55 at 16, and (2) that § 7345 is not unconstitutional because it is rationally related to a legitimate government interest. *Id.* at 17. In determining the right to travel internationally, the Court looks to Supreme Court precedent. *See Abdi v. Wray*, 942 F.3d 1019, 1029 (10th Cir. 2019). Plaintiff argues that the "controlling Supreme Court case law describes the right of international travel as a fundamental right." Docket No. 59 at 11. Plaintiff relies on three Supreme Court cases to support his argument: *Kent v. Dulles*, 357 U.S. 116 (1958), *Aptheker v. Secretary of State*, 378 U.S. 500, 501 (1964), and *Zemel v. Rusk*, 381 U.S. 1 (1965). *Id.*

In *Kent*, the Supreme Court held that the Secretary of State did not have the authority to issue regulations permitting the denial of passports to suspected Communists. 357 U.S. at 129-30. Although the Supreme Court stated that "[t]he right to travel is a part of the 'liberty' of which the citizen cannot be deprived without the due process of law under the Fifth Amendment," *id.* at 125, the *Kent* court "[did] not reach the question of constitutionality" or "decide the extent to which [the right] can be curtailed." *Id.* at 127, 129; *see also Doe v. Haslam*, 2017 WL 5187117, at *15 (M.D. Tenn. Nov. 9, 2017) ("At most, . . . *Kent* offers *dicta* suggesting that the right to constitutional international travel is entitled to some protection, but leaving open the question of how much protection that is."). Thus, contrary to plaintiff's argument, *Kent* does not stand for the proposition that the right to travel internationally is a fundamental right.

*Aptheker*, meanwhile, held that a provision of the Subversive Activities Control

Act, which prevented members of the Communist Party from obtaining or using passports, was unconstitutional on its face. 378 U.S. at 505, 509, 517. The Supreme Court reiterated that the right to travel is important to individual liberty and could not be deprived without due process of law. *Id.* at 505. It determined that the challenged Control Act provision "swe[pt] too widely and too indiscriminately across the liberty guaranteed in the Fifth Amendment" to be deemed constitutional. *Id.* at 514. And while the *Aptheker* court decided that the provision was not narrowly drawn to prevent the proposed evil, *see id.*, which mirrors the test applied to fundamental rights,[4] the Court did not expressly hold that the right of international travel is a fundamental right. *See generally id.*

Finally, plaintiff relies upon *Zemel*, which states that "[t]he right to travel within the United States is of course . . . constitutionally protected," but that such protection is not without its limits. 381 U.S. at 15. The *Zemel* court went on to say, "[s]o it is with international travel." *Id.* at 16. In this case, the Supreme Court affirmed the constitutionality of the Secretary of State's authority to refuse passports of United States citizens for travel to Cuba, as the restriction was "supported by the weightiest considerations of national security." *Id.* Plaintiff argues that *Zemel* stands for the proposition that the international right to travel is a fundamental right because its "analysis did not treat the right of international travel as less than a fundamental right, or less important than the right of interstate travel." Docket No. 59 at 5. Plaintiff's

---

[4] "If a legislative enactment burdens a fundamental right, the infringement must be narrowly tailored to serve a compelling government interest." *Dias v. City and Cty. of Denver*, 567 F.3d 1169, 1181 (10th Cir. 2009).

argument is tenuous at best. That the Supreme Court analogized the importance of the right of international travel to the right of interstate travel does not mean that the Supreme Court has held that international travel is equal in force to the right of interstate travel or constitutes a fundamental right.

A later Supreme Court case, *California v. Aznavorian*, 439 U.S. 170 (1978), confirms that conclusion from earlier cases that there is no fundamental right to international travel. In *Aznavorian*, the Supreme Court noted that, while the constitutional right of interstate travel is "virtually unqualified," the right of international travel "has been considered to be no more than an aspect of the 'liberty' protected by the Due Process Clause of the Fifth Amendment." *Id.* at 176 (quoting *United States v. Guest*, 383 U.S. 745, 757-78 (1966)). "Thus, legislation which is said to infringe the freedom of travel abroad is not to be judged by the same standard applied to laws that penalize the right of interstate travel." *Id.* at 176-77. Plaintiff argues that this Court should not follow what he regards as dicta in *Aznavorian* over the "the fundamental [right] status recognized in *Kent*, *Aptheker* and *Zemel*." Docket No. 59 at 7. But, as set out above, this trilogy of cases does not establish that the right of international travel enjoys fundamental right status, a proposition which a number of circuit courts have rejected. *See Eunique v. Powell*, 302 F.3d 971, 974 (9th Cir. 2002); *Hutchins v. Dist. of Columbia*, 188 F.3d 531, 537 (D.C. Cir. 1999); *Weinstein v. Albright*, 261 F.3d 127, 140 (2d Cir. 2001); *see also Abdi v. Wray*, 942 F.3d 1019, 1020 (10th Cir. 2019) (recognizing a distinction between the rights to interstate and international travel, but

declining to decide whether the right to international travel is fundamental).[5] The Court finds that the right of international travel is not a fundamental right, and is therefore subject to rational basis scrutiny.[6]

In his recommendation, the magistrate judge found that § 7345 meets the rational basis test. Docket No. 55 at 17. Plaintiff's objection to the magistrate judge's application of the rational basis test is limited to an argument that the magistrate judge "erroneously relied on decisions from some lower federal courts upholding the constitutionality of a similar passport revocation regime to collect child support debts." Docket No. 59 at 12. He does not argue that the magistrate judge otherwise erred in applying the rational basis test. *See id.* Instead, plaintiff argues that the child support cases relied upon by the magistrate judge are distinguishable because "child support debts are not ordinary debts" and that, while there is a common law tradition of permitting courts to use their contempt powers to compel parents to pay child support debts, there is no comparable common law tradition of using contempt power to compel debtors to pay tax debts. *Id.* at 13.

The Court rejects plaintiff's argument and agrees with the magistrate judge's

---

[5] On November 26, 2019, defendant filed a notice of supplemental authority alerting the Court to the recently decided Tenth Circuit decision in *Abdi*. Docket No. 62 at 1. Plaintiff filed a response on December 4, 2019, arguing that the *Abdi* decision supports his position that the right of international travel is a fundamental right. Docket No. 63 at 1. The Court disagrees. As set out above, and as acknowledged by plaintiff, see Docket No. 63 at 4, the Tenth Circuit did not rule in *Abdi* whether the right of international travel is fundamental. *See Abdi*, 942 F.3d at 1026.

[6] "[I]f an enactment burdens some lesser right [than a fundamental right], the infringement is merely required to bear a rational relation to a legitimate government interest." *Dias,* 567 F.3d at 1181.

finding that § 7345 meets the rational basis test. Regardless of whether the child support cases are distinguishable, plaintiff has made no argument that the collection of substantial delinquent tax debts is not a legitimate government interest.[7] The Court finds that it is a legitimate interest. *See United States v. First. Nat. Bank of Chicago*, 699 F.2d 341, 346 (7th Cir. 1983) (stating that the United States' interest in collecting taxes "is of importance to the financial integrity of the nation"). Accordingly, the Court will overrule plaintiff's objection.

***3. Writ* Ne Exeat Republica**

Plaintiff argued in response to defendant's motion to dismiss that, even if international travel is not a fundamental right, the revocation of his passport nevertheless violated his due process rights because it was not "limited by *ne exeat* principles." Docket No. 52 at 29. In his argument, plaintiff invokes the "established Anglo-American common law tradition[]" that the government cannot compel payment of debt through means of coercion. *Id.* at 29-30.

The power to issue a writ *ne exeat republica* is codified at 26 U.S.C. § 7402, which provides that district courts "shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). To issue a writ *ne exeat republica*, a court must be satisfied that "the restraint of liberty is a necessary, and not merely coercive and

---

[7] In addition, plaintiff makes no argument that the revocation statute is not rationally related to such interest. *See* Docket No. 59.

convenient, method of enforcement." *United States v. Shaheen*, 445 F.2d 6, 11 (7th Cir. 1971).

The magistrate judge found that "[a] showing of the predicates required for a writ *ne exeat republica* is not applicable and not required before the Department of State can revoke a passport for a taxpayer certified [as seriously delinquent] by the IRS." Docket No. 55 at 18. The magistrate judge reasoned that, while the common law writ was one tool that could be used to enforce the tax laws, § 7345 is simply an additional mechanism for the government to ensure the repatriation of tax debts. *Id.* at 18-19. Thus, the magistrate judge found that the fact that the *ne exeat republica* writ requirements were not met did not render the passport revocation in violation of plaintiff's due process rights. *Id.* at 19.

Plaintiff objects to the magistrate judge's decision, but does not set forth any specific points of error; rather, plaintiff simply reargues his assertions from the motion to dismiss stage. *See* Docket No. 59 at 7-11. In the absence of a proper objection, the Court reviews the magistrate judge's recommendation to satisfy itself that there is no clear error on the face of the record. *Summers*, 927 F.2d at 1167. Whether reviewing for clear error or conducting *de novo* review, the Court finds no error in the magistrate judge's decision. The statute under which the government revoked plaintiff's passport, 26 U.S.C. § 7345, is separate and distinct from 26 U.S.C. § 7402, which provides that "[t]he remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce [internal revenue] laws." 26 U.S.C. § 7402(a). Section 7345 has only one prerequisite for revocation

eligibility – that the debtor has been certified as an individual with a seriously delinquent tax debt by the Commissioner of the IRS. 26 U.S.C. § 7345(a).

The Court finds that plaintiff has not demonstrated a constitutional violation resulting from the revocation of his passport. Accordingly, the Court finds that plaintiff has failed to establish that he is challenging the refusal to uphold a non-discretionary, ministerial duty, as required for mandamus jurisdiction. *See* 22 U.S.C. § 2714a(2)(A) ("The Secretary of State *may* revoke a passport previously issued to any individual described in paragraph (1)(A)." (emphasis added)). The Court finds that it therefore does not have jurisdiction over this case and will dismiss plaintiff's complaint. *See Parrot v. Cary*, 234 F. Supp. 572, 574-75 (D. Colo. 1964) (dismissing case for lack of mandamus jurisdiction because challenged duties were discretionary in nature); see *also Nickerson v. United States*, 2007 WL 9662632, at *5 (D.N.M. Oct. 31, 2007) (recognizing that mandamus jurisdiction did not exist when challenged action was discretionary).

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that United States' Partial Objection to Magistrate's Report and Recommendation [Docket No. 58] is **SUSTAINED**. It is further

**ORDERED** that Maehr's Objections to Magistrate Judge Neureiter's Recommendation to Dismiss [Docket No. 59] are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation on Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 55] is **ACCEPTED IN PART**. It is

further

**ORDERED** that defendant's Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 46] is **GRANTED**. It is further

**ORDERED** that plaintiff's Amended Complaint [Docket No. 32] is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that, within 14 days of the entry of this order, defendant may have its costs by filing a bill of costs with the Clerk of Court. It is further

**ORDERED** that this case is closed.

DATED February 28, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge